UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IRVING,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>SWARTHOUT,<br><br>　　　　Respondent. | NO. CV 10-8012-JFW (AGR)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before **December 2, 2010**, why the court should not recommend dismissal based on failure to exhaust state remedies.

**I.**

**SUMMARY OF PROCEEDINGS**

On October 25, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner alleges two grounds for relief based on violation of Due Process rights under the Fourteenth Amendment. (Petition at 5.)

On February 11, 2009, Petitioner was sentenced to 13 years in state prison after being convicted of stalking, first degree burglary, contempt of court,

misdemeanor battery and cutting a utility line.  (*Id.* at 2); *People v. Irving*, 2009 Cal. App. Unpub. LEXIS 8643 (2009).

On October 29, 2009, on direct appeal, the California Court of Appeal affirmed the judgment.  *Id.*  Petitioner did not seek review in the California Supreme Court.[1]  (Petition at 3.)

Petitioner states that he has never filed any habeas petitions in any state court regarding the conviction and sentence at issue, and this court has not located any petitions in California's online docket.  (*Id.*)

## II.

## **EXHAUSTION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).   Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based.  *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

---

[1]   The court has not located any petition filed by Petitioner before the California Supreme Court in its online docket.

Based on the petition and on the Court's review of the state court's online dockets, Petitioner has never presented any grounds for relief to the California Supreme Court.

Thus, the Petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III.
## **ORDER**

IT IS THEREFORE ORDERED that, on or before **December 2, 2010**, Petitioner shall show cause why this Court should not dismiss the petition based on the failure to exhaust state remedies.

*If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the court dismiss the petition without prejudice based on failure to exhaust state remedies.*

DATED: November 2, 2010

ALICIA G. ROSENBERG
United States Magistrate Judge